```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        JUL 20 2005        ES

              AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MIKE WEBB,

    Plaintiff,

v.

MIKE McDOUGLAS and "JANE DOE" McDOUGLAS, husband and wife and the marital community thereof, STEVEN LEONARD and "JANE DOE" LEONARD, husband and wife and the marital community thereof, the CITY OF SEATTLE, a municipal corporation, the SEATTLE POLICE DEPARTMENT, a department of the City of Seattle,

    Defendants.

NO. C05-1290 RSM

COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983

**JURY DEMANDED**



05-CV-01290-CMP

Plaintiff alleges:

### I. JURISDICTION AND VENUE

1.1    At all times material herein, the acts complained of took place in Seattle, King County, State of Washington.

### II. PARTIES

2.1    Plaintiff Mike Webb, at all relevant times, is and has been a

COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983 - 1

the MARSHALL FIRM
LESCHI AT THE LAKE
121 LAKESIDE AVENUE, SUITE 100
SEATTLE, WASHINGTON 98122
TELEPHONE: 206 324 4842
FACSIMILE: 206 325 3305

**ORIGINAL**

resident of King County, State of Washington.

2.2     Defendants Mike McDouglas and "Jane Doe" McDouglas, are at all relevant times husband and wife and defendant Mike McDouglas acted individually, on behalf of the martial community. Mike McDouglas carries Seattle Police Department badge # 1867.

2.3     Defendants Steven Leonard and "Jane Doe" Leonard, are at all relevant times husband and wife and defendant Steven Leonard acted individually, on behalf of the martial community.

2.4     At all material times, defendants Mike McDouglas and Steven Leonard were employees of and acting within the scope and course of his employment with the City of Seattle and the Seattle Police Department.

2.5     Defendant City of Seattle is at all relevant times a municipal corporation. The City of Seattle operates police services and 911 services.

2.6     Defendant Seattle Police Department is at all relevant times a policy making and policing body within the City of Seattle with numerous employees responsible for the investigation of crimes committed by persons within its jurisdiction, including fellow police officers.

2.7     On information and belief, at all relevant times, defendants Mike McDouglas and Steven Leonard were employed performing security work for defendant Dick's Drive-in.

### III.   STATUTORY PREREQUISITES

3.1.    For purposes of commencing a lawsuit against a local government entity, plaintiff filed a tort claim with the City of Seattle, conforming to the requirements of RCW 4.96 *et seq*. Plaintiff has allowed at least sixty-days (60) to expire between the date of presentment to the governing

COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983 - 2

the MARSHALL FIRM
LESCHI AT THE LAKE
121 LAKESIDE AVENUE, SUITE 100
SEATTLE, WASHINGTON 98122
TELEPHONE: 206 324 4842
FACSIMILE: 206 325 3305

body and the filing of this action.

## IV. GENERAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

4.1     Each of the above allegations is incorporated herein by reference.

4.2     Mike Webb left the studio at KIRO Radio in the early morning hours of May 16, 2004 and drove to the Dick's Drive-In at 115 Broadway E., Seattle, King County, Washington, where he is a regular customer.

4.3     When Mr. Webb walked to the end of the line to order his food, he asked a uniformed police officer, Mike McDouglas, who was standing in front of him whether he was in line.

4.4     The officer turned and stated to Mr. Webb that he was in line and that Mr. Webb had better move away, that he was too close to the police officer.

4.5     Mr. Webb attempted to explain to the police officer that he was only asking if the police officer was in line to get food because sometimes police officers did crowd control at Dick's Drive-In.

4.6     The police officer told Mr. Webb that he was still standing too close. The suddenly the police officer told Mr. Webb that he was trespassing and to get off of the Dick's Drive-In property.

4.7     Mr. Webb responded to the effect, "are you kidding me?"

4.8     Suddenly the police officer grabbed Mr. Webb and pushed him in the area of his chest.

4.9     Mr. Webb stopped and said to the police officer, "this is a mistake. This is wrong."

4.10    The police officer then grabbed Mr. Webb again and violently shoved him and threw him out into the street, Broadway East, where cars were traveling.

the MARSHALL FIRM
LESCHI AT THE LAKE
121 LAKESIDE AVENUE, SUITE 100
SEATTLE, WASHINGTON 98122
TELEPHONE: 206 324 4842
FACSIMILE: 206 325 3305

4.11   The police officer, badge # 1867, then ordered Mr. Webb to leave the area and threatened further bodily injury if he remained at the Dick's Drive-In.

4.12   Mr. Webb was shocked and outraged by the police officer's conduct. Rather than argue and cause a further scene, he immediately used his cell phone to call 911 and report the assault and abusive behavior. The 911 operator refused to send assistance.

4.13   Shortly thereafter, Mr. Webb was approached by another police officer at the scene, Steven Leonard, who was rude, looked at police officer, Mike McDouglas, and said to Mr. Webb, "if you make any more telephone calls, we can make this very difficult for you, I mean very difficult."

4.14   After over one year, Mr. Webb was not been informed by defendants of the reason for the battery, detention, abuse or the humiliation he suffered at the hands of a City of Seattle police officer on May 16, 2004. Defendants are either refusing to investigate this matter or to communicate to Mr. Webb or his attorney the results of any investigation. As a result, Mr. Webb has been forced to file this lawsuit.

## V. FIRST CLAIM FOR RELIEF - VIOLATION OF 42 U.S.C. § 1983

5.1   Each of the above allegations is incorporated herein by reference.

5.2   Defendants acted under the color of law, including under the color of federal and state law, custom, or usage when taking the actions referenced herein.

5.3   Pursuant to 42 U.S.C. § 1983, plaintiff has been deprived of federal rights by defendants. All of these rights are secured to plaintiffs by the Fourth Amendment right to be free from unreasonable seizure and the Due

COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983 - 4

*the* MARSHALL FIRM
LESCHI AT THE LAKE
121 LAKESIDE AVENUE, SUITE 100
SEATTLE, WASHINGTON 98122
TELEPHONE: 206 324 4842
FACSIMILE: 206 325 3305

1  Process Clause of the Fifth and Fourteenth Amendments to the United States
2  Constitution,

### VI. SECOND CLAIM FOR RELIEF - BATTERY

6.1  Each of the above allegations is incorporated herein by reference.

6.2  The intentional acts complained of constitute battery.

### VII. SECOND CLAIM FOR RELIEF - OUTRAGE

7.1  Each of the above allegations is incorporated herein by reference.

7.2  The intentional acts complained of constitute intentional infliction of emotional distress and outrage.

### VIII. THIRD CLAIM FOR RELIEF - FALSE IMPRISONMENT

8.1  Each of the above allegations is incorporated herein by reference.

8.2  The intentional acts complained of constitute false imprisonment.

### X. FOURTH CLAIM FOR RELIEF - FALSE ARREST

9.1  Each of the above allegations is incorporated herein by reference.

9.2  The intentional acts complained of constitute false arrest.

### XI. DAMAGES

10.1  Each of the above allegations is incorporated herein by reference.

10.2  As a result of the acts of defendants, and each of them, plaintiffs suffered damages in amounts to be proved at trial.

10.3  Under 42 USC §1983, damages may include punitive damages and attorneys fees in an amount to be proven at trial.

### XII. PRAYER

Plaintiff prays for judgment against defendants, jointly and severally, and against their marital communities as follows:

1. For judgment in such amount as shall be proven at the time of trial;

COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983 - 5

the MARSHALL FIRM
LESCHI AT THE LAKE
121 LAKESIDE AVENUE, SUITE 100
SEATTLE, WASHINGTON 98122
TELEPHONE: 206 324 4842
FACSIMILE: 206 325 3305

2. For prejudgment interest at the statutory rate on all items of special damages;

3. For punitive damages;

4. For an award of attorney's fees

5. For an award of costs and disbursements incurred herein; and

6. For such other and further relief as the Court deems just and equitable.

### XIII. JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED at Seattle, Washington this 19th day of July, 2005.

*the* MARSHALL FIRM

*/s/ Bradley R. Marshall*
Bradley R. Marshall, WSBA No.: 15830
Attorney for Plaintiff

\pldgs\050615mwacom.bp

COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983 - 6

*the* MARSHALL FIRM
LESCHI AT THE LAKE
121 LAKESIDE AVENUE, SUITE 100
SEATTLE, WASHINGTON 98122
TELEPHONE: 206 324 4842
FACSIMILE: 206 325 3305